**Not for publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 02-1896

UNITED STATES,

Appellee,

v.

ALI HUSSEIN ADDO

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

---

Before

Torruella, Selya and Lipez,
Circuit Judges.

---

Ali Addo, on brief pro se.
Michael J. Sullivan, United States Attorney, and John A. Capin, Assistant U.S. Attorney, on brief for appellee.

---

December 30, 2003

---

**Per Curiam**.  Ali Hussein Addo has appealed his criminal conviction and sentence for one count of escape in violation of 18 U.S.C. § 751(a).  We affirm.

On appeal, Addo contends that his right to a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 et seq., (hereinafter "STA") was violated and he is entitled to dismissal of the indictment because, Addo alleges, he was not brought to trial within 70 days from the date of his first appearance before the court.  See 18 U.S.C. § 3161(c)(1).  Addo has waived any right to dismissal of the indictment because he failed to move for dismissal prior to trial on the ground that the government failed to bring him to trial within 70 days.  See 18 U.S.C. § 3162(a)(2).

Addo claims that he invoked the STA at a hearing on October 31, 2001, but he is incorrect.  Addo's urging of an early trial at that hearing was neither an expressed invocation of the STA nor, more particularly, was it a motion to dismiss on STA grounds for failure to bring him to trial within 70 days.  Although Addo did invoke the STA and requested a dismissal of the indictment in his closing trial argument, that motion came too late as waiver occurs unless the motion to dismiss on this ground comes *prior to trial*.  18 U.S.C. § 3162(a)(2); see United States v. Bradfield, 113 F.3d 515, 526 (5th Cir. 1997); United States v. Gomez, 67 F.3d 1515, 1519 (10th Cir. 1995);  United States v. Alvarez, 860 F.2d 801, 821-22 (7th Cir. 1988).  In any event, even were this claim

-2-

not waived, the government has more than adequately demonstrated that sufficient periods of time are properly excluded in computing the 70 day period, such that no STA right was violated.

We have considered Addo's remaining claims on appeal and conclude that they are similarly without merit.

<u>Affirmed</u>.